Case 2:12-mc-00304   Document 11   Filed in TXSD on 08/25/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DALE B. ADAMS, § § Plaintiff, § VS. § US DEPARTMENT OF DEFENSE, *et al*, § § Defendants. § | MISCELLANEOUS ACTION NO. 2:12-MC-304 |

## OPINION AND ORDER DENYING MOTIONS TO VACATE AND TO REOPEN CASE

On July 26, 2012, Plaintiff's Miscellaneous Application for leave to proceed *in forma pauperis* (D.E. 1) was withdrawn without prejudice at Plaintiff's request (D.E. 4). Over four years later and without any explanation, Plaintiff filed a motion to vacate and to reopen the decision of the magistrate judge (D.E. 7).

## Applicable Law

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury,* 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the motion is filed within twenty-eight (28) days of entry of judgment the motion falls under Rule 59. *Id.* If it is filed after that, it falls under Rule 60(b). *Id.* In this case, the application was withdrawn on July 26, 2012, and the motion was filed more than four years later. The motion is properly considered under Rule 60(b).

Rule 60(b), Federal Rules of Civil Procedure, states in pertinent part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Final judgments should not be lightly disturbed. *In re Marinez*, 589 F.3d 772, 776-77 (5th Cir. 2009). For reasons one, two, or three above, the motion must be made no more than a year after entry of the judgment or order or the date of the proceeding. FED. R. CIV. P. 60(c)(1). Not only did Plaintiff fail to specify the section of Rule 60(b) under which he seeks relief, he failed to list any reason at all. The Local Rules for the Southern District of Texas require that all motions be supported by authority. LR7.4.

Plaintiff's motion to vacate and to reopen (D.E. 7) is DENIED as unsupported by any authority to disturb the Plaintiff's decision four years ago to withdraw his application. LR 7.4. Plaintiff's application was withdrawn without prejudice, and he is free to file a new complaint as well as a new application for leave to proceed *in forma pauperis*, but he is not free to re-open this matter.

ORDERED this 25th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE